KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Heather Calgaro

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heather Calgaro,<br><br>       Plaintiff,<br><br>  vs.<br><br>National Credit Systems, Inc.; and DOES 1-10, inclusive,<br><br>       Defendants. | Case No.:<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Heather Calgaro, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Heather Calgaro (hereafter "Plaintiff"), is an adult individual residing in Gilbert, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, National Credit Systems, Inc. (hereafter "National"), is a Georgia business entity with an address of 2180 Satellite Blvd., Suite 400, Duluth, Georgia 30097, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by National and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. National at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

8. The Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to National for collection, or National was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    National Engages in Harassment and Abusive Tactics**

12. National has placed three (3) calls a day to Plaintiff in an attempt to collect the Debt.

3

13. Often times National has placed calls to Plaintiff both before 8 a.m. and after 9 p.m. in an attempt to collect the Debt.

14. National has failed to include the "mini-Miranda warning" when speaking with Plaintiff.

15. National has used rude and abusive language when speaking with Plaintiff.

16. National has placed several calls to and left messages on Plaintiff's mother's telephone line in an attempt to collect the Debt.

17. Plaintiff suffers from depression and National's excessive calls to her have worsened her emotional state.

C. **Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

4

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants contacted third parties and failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

23. The Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

24. The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff in violation of 15 U.S.C. § 1692c(a)(1).

25. The Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m., in violation of 15 U.S.C. § 1692c(a)(1).

26. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

27. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

28. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

5

29.  The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

30.  The Defendants attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

31.  The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32.  The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

34.  The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

35.  The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arizona.

36.  As a result of the Defendants' intentional infliction of emotional distress, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

E. Punitive damages;

F. For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  April 29, 2011                    LEMBERG & ASSOCIATES, LLC


By: */s/   Kindra Deneau*
Kindra Deneau

Attorney for Plaintiff
Heather Calgaro